## CIRCUIT COURT OF THE CITY OF ROANOKE

Daniel G. Buonocore

v.

Chesapeake & Potomac
Telephone Co. of Va.
and James D. Thompson

June 17, 1998

Case No. CL97-200

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff's residence was the subject of a search warrant issued by a Federal Magistrate to an agent of the United States Bureau of Alcohol, Tobacco, and Firearms. The allegations were that the Plaintiff had illegal firearms in his residence and that he also had supplies and equipment stolen from C. & P. Telephone Company. The information for the search warrant was initially provided by the Plaintiff's former girlfriend to a Franklin County Deputy Sheriff, who in turn delivered the information to the ATF agent. The search warrant was issued only for the illegal firearms. The Deputy Sheriff accompanied the ATF agent on the execution of the search warrant. The Deputy Sheriff invited Defendant Thompson, a security agent of C. & P. Telephone Company, to accompany the officers in order that he might identify any stolen property belonging to C. & P. Defendants claim that Thompson did nothing more than identify C. & P. property that was in "plain view" during the course of the search for illegal guns. Plaintiff claims that Thompson actually conducted an illegal search of his premises for contraband C. & P. Telephone Company property. Plaintiff also claims that upon his discovery that Thompson was not a government agent, he asked him to leave, but Thompson refused. Plaintiff now asks for compensatory and punitive damages from what he claims to have been an unlawful entry and trespass on the part of the Defendants. Plaintiff also asks that this case be consolidated with a case which he previously nonsuited. He reasons that it would save time and guarantee

consistent holdings, if the rulings in the previous case were used in the factually identical pending case. Defendants have demurred and raise the issues of punitive damages, damages for collateral injury, attorney's fees, the specificity of the Plaintiff's prayer for compensatory damages, and whether or not Plaintiff's allegations support a trespass action. The Court denies the motion to consolidate, grants the demurrer in part, denies it in part, and gives the Plaintiff the opportunity to amend his pleadings.

## Motion to Consolidate

The Court will not consolidate a pending case with a case that has been nonsuited. If the issues ruled upon in the previous case are the same or substantially similar to the issues to be ruled upon in the pending case and were correct when rendered, similar results should be expected in this case. The parties are directed to point out the rulings in the nonsuited case when the same issues come up in this case.

## Punitive Damages

The question of whether punitive damages are available to a litigant in a tort action has been the object of numerous decisions over the years by the Virginia Supreme Court. To the modern reader, many of these cases appear to be right on point and require that punitive damages be awarded to a litigant who sues one for trespassing on his land. An example of this is the quote used by the Plaintiff and argued against by the Defendant from *N. & W. RR. v. Anderson*, 90 Va. 1 (1893), later quoted in *Molzof v. United States*, 959 F.2d 238, 6 F.3d 461 (7th Cir. 1993), as follows:

> It is a well-established principle of the common law that in actions of trespass and in all actions on the case for torts, a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offense, rather than the measure of compensation of the plaintiff.

However, the interpretation of this passage that punitive damages will be awarded against a person who trespasses on the lands of another is incorrect.

Words used by lawyers and the Courts are terms of art. The phrase "actions of trespass," as used above, actually refers to the common law action of trespass *vi et armis*. As defined in *Burks' Pleading and Practice*, Fourth Edition, §§ 140, 141 (1951):

> The action of trespass *vi et armis* is usually spoken of simply as "trespass" and the action of trespass on the case simply as "case."
>
> The action of trespass is used to recover damages for injuries to persons or property which result directly from the force applied, while the action of trespass on the case is used to recover damages for injuries to persons or property which result indirectly from the force applied.

What the quote from *N. & W. RR. v. Anderson* actually means is that a jury can impose punitive damages in a tort case when the facts so require.

Punitive damages will be awarded when the actions of the tortfeasor are so egregious that it is necessary to punish him as a wrongdoer. They are also used to make an example of the tortfeasor so that others will be dissuaded from trying to commit the same torts. One is liable for punitive damages when his tortious conduct is malicious, fraudulent, aggressive, vindictive, or when it evidences an intentional or grossly negligent, reckless disregard for the personal and property rights and safety of others. For representative cases, see *Peshine v. Shepperson*, 58 Va. (17 Gratt.) 472, 484 (1867); *Evans v. Schuster*, 178 Va. 61, 67 (1941); and *Bowers v. Westvaco*, 244 Va. 139, 150 (1992). Even when the court accepts the facts as set forth in the pleading as being proven for purposes of the demurrer, there are not sufficient facts alleged to bring this case within the realm of punitive damages.

### Collateral Damages

The pleadings do not present sufficient allegations for the Plaintiff to receive damages for pain, suffering, humiliation, mental anguish, emotional distress, damage to reputation, or financial loss. The demurrer is granted as to those compensatory damage claims.

### Trespass

The Plaintiff's motion for judgment alleges the common law action of trespass *quare clausum fregit*. That action is now referred to simply as trespass. It is a trespass upon the land of the Plaintiff. There are several theories that the Plaintiff can use to prove his case. One is the legal fiction that a lawful trespass became unlawful *ab initio* upon the Defendant's commencing a search of his own, contrary to his stated purpose of being present only for observation and identification. In the alternative, the Defendant can argue that

the trespass first became unlawful after the Defendant commenced his independent search and after the Defendant refused to leave the Plaintiff's residence when so ordered by the Plaintiff. Accordingly, the Court finds that the Plaintiff has properly pleaded his case as an action for simple trespass.

### Prayer for Specific Damages and Attorney's Fees

Compensatory damages should be claimed with specificity in an action at law. The Court will treat the phrase "at least" as surplusage in the Plaintiff's request for compensatory damages. Accordingly, as currently pleaded, the Plaintiff's prayer for damages asks for a maximum of ten thousand dollars. The demurrer to the Plaintiff's request for attorney's fees is also granted, as no viable theory to award such fees has been advanced.

The demurrer is granted in part and denied in part, as set forth above. The Plaintiff may proceed with his current motion for judgment on the theory of a simple trespass to real estate. The maximum possible damages he can recover under that action is ten thousand dollars for compensation. In the alternative, he may file an amended pleading within the next thirty days setting forth the facts of the case and the prayer for his action in such a manner as to support some or all of the above claims.